■ Vincent P. Iannazzo, Appellant, et al., Plaintiff, v Milton E. Stanson, Respondent. [810 NYS2d 473]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), both entered February 7, 2005, which, inter alia, granted defendant's motion to confirm the Special Referee's report, dated December 27, 2004, declared the disputed real property transfer void ab initio, and directed plaintiff-appellant to transfer the real property to a court-appointed receiver, unanimously affirmed, with costs.

In this partnership dispute, the court, upon finding that plaintiff partner Vincent P. Iannazzo had fraudulently transferred Florida real estate purchased with partnership funds, properly declared the transfer null and void ab initio. In view of the lis pendens filed against the property prior to its transfer, the nonparty transferee was bound by the proceedings determining, inter alia, the partners' respective rights to the subject property (*see* CPLR 6501; *Intermediary Fin. Corp. v McKay*, 93 Fla 101, 111 So 531 [1927]). Particularly in view of plaintiff-appellant's violation of the court's injunction against dissipation of the partnership's assets, the court's equitable powers were properly exercised to require plaintiff-appellant to convey the Florida property to a court-appointed receiver (*see Fall v Eastin,*

215 US 1, 8 [1909]; *Gardiner v Gardiner*, 705 So 2d 1018, 1020 [Fla 5th Dist Ct App 1998]). Concur—Tom, J.P., Saxe, Nardelli, Williams and Gonzalez, JJ.